IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MUHAMMAD ZAIN ALI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, LLC and EQUIFAX | ) |
| INFORMATION SERVICES LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer, Muhammad Zain Ali, against Experian Information Solutions, LLC and Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## PRELIMINARY STATEMENT

2. Mr. Ali has a younger brother. They are different people with different social security numbers, different birthdays, different middle names, different debts, and different lives.

3. Nonetheless, Defendants have been including Mr. Ali's brother's credit and personal information in Mr. Ali's credit file, despite that they are different

people. In doing so, Defendants have created false impressions amongst Mr. Ali's creditors as to his credit worthiness.

4. Additionally, once Mr. Ali filed disputes with Defendants to inform them of their errors, Defendant Equifax failed to properly reinvestigate and remove Mr. Ali's brother's information from Mr. Ali's credit file.

5. This lawsuit is based on Defendants' repeated failure to comply with federal law requirements relating to credit reporting.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this Court under 28 U.S.C. § 1391 as Plaintiff resides in this district and Defendants regularly conducts business in this district, including contracting to supply goods and services in this district.

## PARTIES

8. Mr. Ali is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Defendant Experian is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it conducts substantial and regular business activities in this judicial district.

10. Defendant Equifax is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f), and it is headquartered in and conducts substantial and regular business activities in this judicial district.

## FACTUAL ALLEGATIONS

11. When Congress enacted the FCRA it found that the "banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

12. Congress recognized that CRAs "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). Therefore, Congress found that there "is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

13. The FCRA requires that when a CRA prepares a credit report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

3

14. Consumers can submit disputes to CRAs regarding the accuracy or completeness of any information in their credit file. Upon receipt of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate. The CRA must notify the source of the disputed information about the consumer's dispute. The CRA must provide the source with all relevant information received from the consumer. The CRA must review and consider all relevant information provided by the consumer in conducting the reinvestigation. If information cannot be verified as accurate, the CRA "shall . . . promptly delete that item of information from the file of the consumer[.]" 15 U.S.C. § 1681i(a)(5)(i). The CRA must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report. The CRA must send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

15. In or about 2023, Mr. Ali discovered that Defendants were reporting his brother's information on Mr. Ali's credit reports, including his brother's credit accounts, employer, name, address, birthday, social security number, inquiries, and other information.

16.     Defendants were doing so even though Mr. Ali and his brother have different social security numbers, different middle names, different address histories, different employers, and different birth days and years.

17.     This erroneous information misstates Mr. Ali's credit history and negatively impacts his credit score and his ability to obtain credit.

18.     To try to correct Defendants' erroneous reporting, Mr. Ali filed disputes with both Defendants in early December 2023.

19.     In his dispute with Defendant Experian, Mr. Ali explained:

> I recently applied for a new Capital One credit card, and I found out I was denied because Experian is including my brother's information in my credit report.  My name is Muhammad Zain Ali, and his name is Muhammad Tabish Ali.  I need to get this corrected immediately.  Below is the information that needs to be corrected:
>
> - The report shows my brother's name several time-my name is NOT Muhammad Tabish Ali or Muhammad T Ali.  That is my brother's name
> - My brother lives at ***************** in Carrollton, Georgia, not me
> - My social security number does not end in ****-that is my brother's social security number
> - My brother was born in ****, and I was born in ****
> - My brother's phone number is *********, not mine
> - My brother is employed by State Farm, not me
> - You included a Capital One card, opened 2/11/22 on my credit report-that does not belong to me
> - You included a Santander Consumer USA auto loan on my credit report-that does not belong to me

- You included a SYNCB/Lowes charge loan on my credit report-that does not belong to me
- You included the following hard inquiries on my credit report, but they do not belong to me: Ally Financial (9/9/23), Capital One Auto Finance (9/9/23), Exeter Finance LLC (9/9/23), NCCINC/Toyota of Newnan (9/9/23), Santander Consumer USA (9/9/23), SE Toyota Finance (9/9/23), Ally Financial (8/14/23), Capital One Financial (8/14/23), Ally Financial (8/12/23), Capital One Auto Finance (8/12/23)

I am sending with this letter a copy of my social security card, my driver's license, and a paystub to confirm my identity.

20. Defendant Experian received Mr. Ali's dispute.

21. Defendant Experian reinvestigated Mr. Ali's dispute, verified that the disputed information does belong to Mr. Ali's brother, and removed Mr. Ali's brother's information from Mr. Ali's credit file.

22. In his dispute with Defendant Equifax, Mr. Ali explained:

I recently applied for a new Capital One credit card, and I found out I was denied because Equifax is including my brother's information in my credit report. My name is Muhammad Zain Ali, and his name is Muhammad Tabish Ali. I need to get this corrected immediately. Below is the information that needs to be corrected:

- You included a Capital One card, opened 2/11/22 on my credit report-that does not belong to me
- Your report shows that I work for State Farm-that is my brother's employer
- You included the following hard inquiries on my credit report, but they do not belong to me: Ally Financial (8/12/23), Capital One Auto Finance (8/12/23), VIPS KARS (8/12/23)

6

> I am sending with this letter a copy of my social security card, my driver's license, and a paystub to confirm my identity.

23. Each of the disputed inquiries represented an instance in which Defendant Equifax furnished Mr. Ali's credit report in connection with transactions that did not involve Plaintiff.

24. Each of these inquiries represents an instance in which Defendant Equifax furnished Mr. Ali's private and confidential information to third parties without his consent.

25. These inquiries misstate Mr. Ali's credit history and negatively impact his credit score.

26. Defendant Equifax received Mr. Ali's dispute.

27. Defendant Equifax did not conduct a reasonable reinvestigation into some or all of Mr. Ali's dispute.

28. Equifax deleted Mr. Ali's brother's employer from Mr. Ali's credit report because it determined that the information did not belong to Mr. Ali.

29. After deleting Mr. Ali's brother's employer from Mr. Ali's file, Defendant Equifax was on clear notice that it had mixed his brother's information into his credit file.

30. Nevertheless, Defendant Equifax did not reinvestigate any of the disputed inquiries.

31. Instead, Defendant Equifax told Mr. Ali that "[i]nquiries are a factual record of file access and will remain on the Equifax credit file for two years from the reported date of the inquiry."

32. Defendant Equifax has long been on notice that the FCRA requires it to reinvestigate disputed inquiries.

33. The plain language of the statute requires a reasonable reinvestigation of "the completeness or accuracy of *any item* of information contained in a consumer's file" that is disputed by the consumer. 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

34. Regulatory guidance from the Federal Trade Commission further reinforced the obligations for CRAs to reinvestigate disputed inquiries:

> When a CRA receives a dispute from a consumer alleging that an inquiry that appears in his/her file was not made by a person who had a permissible purpose for obtaining the consumer report, and those allegations are supported by the CRA investigation, the CRA has two options. It may either delete the inquiry as inaccurate, or amend the file to make the item 'complete' by reflecting clearly that the inquiry was generated by a party who did not have a permissible purpose to obtain a consumer report on the consumer.

*40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations*, Federal Trade Commission, 2011 WL 3020575, at *69 (2011).

35. This Court has also ruled that Defendant Equifax must reinvestigate disputed inquiries:

> More than simply comporting with the plain language of the statute, [requiring reinvestigation of inquiry disputes] best serves to advance the purpose of FCRA's reinvestigation requirements—ensuring the accuracy of the information used by creditors to determine a consumer's creditworthiness. As the Eleventh Circuit has noted, the standard of accuracy imposed by the FCRA 'should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting.' The interests of consumers and potential creditors are best served by deletion of hard inquiries that Equifax itself admits 'misstate[ ]' the consumer's credit history. Consumer's credit scores are negatively impacted by fraudulent or inaccurate credit inquiries, and creditors are provided with an inaccurate portrait of the consumer's credit history. The only entity that benefits is Equifax, which does not have to expend resources reinvestigating disputed credit inquiries.

*Steed v. Equifax*, 2016 WL 7888039, at *4 (N.D. Ga. Aug. 31, 2016) (*citing Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir. 1991)).

36. Despite all this notice, Defendant Equifax has made a calculated business decision not to reinvestigate consumer disputes of inquiries.

37. As a result of this calculated business decision, Defendant Equifax did not reinvestigate or delete Mr. Ali's disputed inquiries.

38. Because of the mix of Mr. Ali's credit information with his brother's credit information, Mr. Ali has been denied credit.

39. For example, in November 2023, Mr. Ali applied for a credit card with Capital One.

40. Capital One denied Mr. Ali's application because, according to Capital One, "there are too many revolving accounts."

41. Of course, the reason that there were "too many revolving accounts" was because Defendants were reporting Mr. Ali's brother's revolving accounts in Mr. Ali's credit file.

42. Because of Defendants' insertion of Mr. Ali's brother's information in Mr. Ali's credit file, and Defendant Equifax's failure to correct its errors, Mr. Ali has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with his normal and usual activities.

## FIRST CLAIM FOR RELIEF

### (15 U.S.C. § 1681i(a) against Equifax)

43. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

44. After Plaintiff submitted his dispute, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine

whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit files.

45. After Plaintiff submitted his dispute, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

46. After Plaintiff submitted his dispute, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or modify the items of information upon a lawful reinvestigation.

47. As a result of these violations of 15 U.S.C. § 1681i(a)), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

48. The violations by Defendant Equifax were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Equifax was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

49.     Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(b) against both Defendants)

50.     Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

51.     Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff.

52.     Defendants reported information that they had reason to know was inaccurate.

53.     Defendants knew or should have known about their obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

54.     Defendants obtained or had available substantial written materials that apprised them of their duties under the FCRA.

55. Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and deprived Plaintiff of his rights under the FCRA.

56. As a result of these violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

57. The violations by Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

58. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Actual damages to be determined by the jury, or statutory damages of $100 to $1,000 to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Attorneys' fees; and

4. Costs of the action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: January 10, 2024

          By: /s/ Andrew Weiner
              Jeffrey B. Sand
              Andrew L. Weiner
              WEINER & SAND LLC
              800 Battery Avenue SE
              Suite 100
              Atlanta, GA  30339
              (404) 205-5029 (Tel.)
              (404) 254-0842 (Tel.)
              (866) 800-1482 (Fax)
              js@wsjustice.com
              aw@wsjustice.com

              *Counsel for Plaintiff*